UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

JAMES CORTEZ MCCOY,

          Plaintiff,

v.                                 Case No. 17-cv-1450-pp

CAPTAIN HANNAH, LT. MANTANO,
and NURSE PRACTITIONER BRANDON,

          Defendants.

___

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

___

The plaintiff, who is representing himself, filed this case under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. This order resolves his motion and screens the complaint.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was in custody when he filed the complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

The plaintiff has paid an initial partial filing fee of $23.00, as directed. Accordingly, the court will grant the plaintiff's motion to proceed without

prepayment of the filing fee. The court will require the plaintiff to pay the remainder of the filing fee ($327.00) over time as set forth at the end of this decision.

## II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v.

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on August 3, 2016, he was housed in the "special needs pod" in the Milwaukee County Jail. Dkt. No. 1 at 2. His cell was covered in feces and he "could barely inhale." Id. An officer told him that she would have the cell cleaned once her partner returned from break, but she didn't, so the plaintiff flooded his cell to get out of it. Id. Defendant Lt. Mantano responded by putting the plaintiff in the "hole." Id. This was in spite of the fact that another inmate flooded his cell, but instead of being sent to segregation, was just moved to another cell in special needs. Id. at 2-3. The plaintiff spent nine months in segregation without a hearing and "never receiving the conduct report when I asked of this from [defendant] Capt. Hannah." Id. at 3.

The plaintiff also alleges that the jail's grievance office never responds. Id. He states that he "lost canteen" and that "they never responded back to a grievance or reimbursed [him] for it." Id.

Next, the plaintiff alleges that almost daily jail staff let inmates' food sit out for over an hour, resulting in cold food. Id. at 3-4.

He also alleges that in segregation, staff will not allow inmates to clean their toilets and, therefore, the cells smell horrible. Id. at 4. He says that officers take hour-long breaks, when the breaks should be only thirty minutes, and that they lock inmates in their cells. Id. He argues that it is cruel and

unusual punishment for inmates to be given "seg. loaf" just because they are in segregation. Id.

The plaintiff further alleges that jail staff will not give him the medication he takes because they are on a budget and can only give out certain medications. Id. Jail medical staff allegedly refused to give the plaintiff surgery for pain in his breast. Id. The plaintiff says that defendant Nurse Practitioner Brandon wouldn't give him medical attention for pain. Id.

Lastly, the plaintiff asserts that his cold water didn't work for a week in October 2017. Id.

For relief, the plaintiff seeks monetary damages. Id. at 5.

B.   Discussion

The plaintiff did not indicate why he was at the Milwaukee County Jail. The court assumes that the plaintiff was in the jail on pending charges.

While the allegations in the plaintiff's complaint are very sparse, it appears, at this very early stage, that he may have stated sufficient facts to pursue a due process claim against Hannah and Mantano. He alleges that he spent nine months in segregation for flooding his cell, without getting a hearing. See Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) ("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less.").

The plaintiff complains about some of the conditions in segregation, such as not being allowed to clean the toilet and being served "seg. loaf"[1] to eat. He does not say who is responsible for these conditions. "[P]ublic employees are responsible for their own misdeeds." Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). In order for a member of the jail staff to be held liable on a conditions-of-confinement claim, that person must have been personally involved in subjecting the plaintiff to the allegedly unconstitutional conditions. Brownlow v. Van Natta, 2 Fed. App'x 516, 518 (7th Cir. 2001) (citations omitted). Because the plaintiff does not explain who personally was involved in subjecting him to these conditions, he cannot proceed on a conditions-of-confinement claim.

The plaintiff also alleges that jail staff denied him medication and surgery, possibly for budgetary reasons. He asserts that defendant Brandon didn't give him medical attention for pain. Federal Rule of Civil Procedure 20(a)(2) says that a plaintiff may sue more than one defendant in one lawsuit if his claims against those defendants arose out of the same transaction or series of transactions, or if the claims against those defendants involves a common question of law or fact. As the Seventh Circuit has held, while "multiple claims against a single party are fine," "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The plaintiff's claim that Brandon denied him medication is not related to his claim that Hannah and Mantano violated his rights to due process—different

---

[1] The court assumes that the plaintiff is referring to Nutraloaf.

claims and different defendants. If the plaintiff wants to pursue a claim against Brandon (or any other jail personnel) for being deliberately indifferent to his serious medical need, he must bring those claims in a separate lawsuit.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** Nurse Practitioner Brandon.

The court **ORDERS** that under the informal service agreement between Milwaukee County and this court, copies of plaintiff's complaint and this order are being electronically sent to Milwaukee County for service on defendants Captain Hannah and Lieutenant Mantano.

The court **ORDERS** that, under the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the plaintiff shall pay the $327.00 balance of the filing fee as he is able.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

        Office of the Clerk
        United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

THE PLAINTIFF SHOULD NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because the clerk's office will electronically scan and enter on the docket any documents the plaintiff files, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should, however, keep a personal copy of each document he files with the court.

The court advises the plaintiff that if he does not file documents or other information by the deadlines the court sets, the court may dismiss his case for failure to diligently pursue it.

The parties shall notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 18th day of July, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**