UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES CORTEZ MCCOY,

    Plaintiff,

    v.                                          Case No. 17-cv-1450-PP

MICHAEL HANNAH and
CRYSTALINA MANTANO,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## "REQUEST FOR MANDAMUS" (ECF No. 19)

### INTRODUCTION

The Defendants ask the Court to deny the Plaintiff's "Request for Mandamus." (ECF No. 19). Apparently, the Plaintiff seeks the production of certain documents. However, the legal means by which he seeks to obtain these documents is unclear. Upon reviewing his request, it seems the Plaintiff is requesting one of the following: 1) a Federal Writ of Mandamus; 2) Writ of Mandamus pursuant to Wis. Stat. § 19.37; or 3) he is making a discovery request. Under the preceding theories, this Court cannot offer relief to the Plaintiff. Thus, the Plaintiff's request must be denied.

### PROCEDURAL HISTORY

The Plaintiff initially filed his complaint on October 23, 2017. (ECF No. 1). Subsequently, the Plaintiff exchanged various correspondence with Court and appropriate orders were issued. (ECF Nos. 2 – 14). Ultimately, on July 18, 2018, this Court issued a Screening Order, wherein it permitted the Plaintiff to pursue a due process claim against the Defendants. (ECF No. 15).

Additionally, the Court ordered that "the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions." *Id*. at 6. Also, the Court ordered the Defendants to file a responsive pleading within sixty days of receiving electronic notice of the order. *Id.* The Defendants' responsive pleading is due on September 17, 2018. (Brown Decl. ¶ 4). Prior to the Defendants filing a responsive pleading or the Court issuing a scheduling order, the Plaintiff filed his Request for Mandamus (ECF No. 19) on September 5, 2018. The Plaintiff has not filed a petition for Writ of Mandamus with the Seventh Circuit Court of Appeals. (Brown Decl. ¶ 5). The Plaintiff has not filed a Mandamus Action in the Milwaukee County Circuit Court. (Brown Decl. ¶ 6). Also, the Plaintiff has not filed Motion to Compel Discovery in the above-captioned matter. (Brown Decl. ¶ 7). It appears that the Plaintiff is seeking certain incident reports be turned over by the Milwaukee County Sheriff's Office. (Brown Decl. XX). The Plaintiff has made no attempt to confer with counsel for the Defendants in an effort to obtain these documents. (Brown Decl. ¶ 8). On September 13, 2018, the Plaintiff was sent those documents. (Brown Decl. ¶¶ 9, 10).

## ARGUMENT

### I.     This Court Does Not Have The Jurisdiction To Issue A Writ Of Mandamus.

A party seeking a Writ of Mandamus in a federal court must file a petition with the Clerk of the Circuit Court for their district. Fed. R. App. P. 21(a)(1). Furthermore, federal courts' jurisdiction of "any action in the nature of mandamus," it is limited to compelling an officer or employee of the United States to perform a duty owed the Plaintiff. *See* 28 U.S.C. § 1361. The common-law writ of mandamus is codified at 28 U.S.C. § 1651(a). However, the Supreme Court of the United States has consistently held that a Writ of Mandamus is "a 'drastic and extraordinary'

2

remedy '"reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (citation omitted).

Also, the Federal Rules of Civil Procedure abolish the district courts' authority to issue a writ of mandamus. *See* Fed. R. Civ. P. 81(b). ("The writs of *scire facias* and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules.") However, Fed. R. Civ. P. 81(b) also preserves the power of district courts to grant the sort of relief that could be obtained obtained via mandamus by granting an appropriate motion. *Id*. District Courts may offer relief to a plaintiff on a claim that is improperly labeled as Writ of Mandamus but is otherwise valid. *See Smith v. U.S. District Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000) (action mispleaded as one for writ of mandamus should have been construed as a claim under 28 U.S.C. § 1331).

In this case, the Plaintiff has not filed a petition with the Clerk of the Seventh Circuit Court of Appeals. Additionally, under 28 U.S.C. § 1361, in an action "in the nature of mandamus," federal employees and agencies may be compelled to act, but not the Milwaukee County Sheriff's Office because it is not a federal agency. Also, the circumstances in this matter certainly do not rise to the level of a "really extraordinary cause" requiring a "drastic and extraordinary remedy." Accordingly, the Plaintiff's request for a Writ of Mandamus must be dismissed.

Before dismissing the Plaintiff's Request for Mandamus, under *Smith*, the Court may determine whether there is some other request for relief improperly labeled and, if so, what other means might Plaintiff seek his relief. The most compelling interpretation of the Plaintiff's request is that it is a mislabeled Motion to Compel Discovery that should have been brought pursuant to Fed. R. Civ. P. 37(a). If this were a Motion to Compel Discovery, the Plaintiff has failed to comply with the requirement that he confer in good faith before filing a motion. *See* Fed. R. Civ. P.

37(a)(1).  Also, the Court has ordered that "the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions."  (ECF No. 15).  Lastly, the materials sought have already been sent to the Plaintiff rendering his request moot.  For the foregoing reasons, the Plaintiff's Request for Mandamus should be dismissed.

II.     **The Plaintiff Has Failed To Establish A Right To A Writ Of Mandamus Under Wis. Stat. § 19.37.**

Due to the somewhat vague nature of the Plaintiff's Request for Mandamus, it is unclear whether he is attempting to bring an action for mandamus under Wis. Stat. § 19.37.  However, if the Plaintiff is bringing such an action, it fails for the foregoing reasons.

   a. <u>The Plaintiff has failed to establish that this Court has supplemental jurisdiction over his state law claim.</u>

An action for mandamus pursuant to Wis. Stat. § 19.37 is a state claim appropriately brought in the circuit court of the county where the plaintiff is seeking relief.  In order for this Court to exercise jurisdiction over a claim brought under Wisconsin state law, there Court would have to invoke supplemental jurisdiction as set forth in 28 U.S.C. § 1367.  This Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The Plaintiff's bare bones Request for Mandamus is not accompanied by an allegation that this claim brought under state law is so related to his action in federal court that this Court may invoke supplemental jurisdiction.  (ECF No. 19). Due to the sparse nature of his pleading, one cannot establish a nexus between his state law claim and his federal claim.  Accordingly, there is no factual basis to support and invocation of supplemental jurisdiction and the Defendants' urge the Court to dismiss the Plaintiff's Request for Mandamus for lack of jurisdiction.

4

### b. The Plaintiff has failed to establish the four elements necessary to obtain a Writ of Mandamus under Wis. Stat. § 19.37.

"In order to obtain a writ of mandamus compelling disclosure of records, the petitioner must establish that four prerequisites are satisfied: (1) the petitioner has a clear legal right to the records sought; (2) the government entity has a plain legal duty to disclose the records; (3) substantial damages would result if the petition for mandamus was denied; and (4) the petitioner has no other adequate remedy at law. *Watton v. Hegerty*, 2008 WI 74, ¶¶ 8311 Wis. 2d 52, 62–64, 751 N.W.2d 369, 375.

In the present case, the Plaintiff has failed to establish any of the four prerequisites to obtaining a Writ of Mandamus pursuant to Wis. Stat. § 19.37. The Plaintiff has made a naked request unsupported by factual pleadings that would allow the Court to understand the rights and duties of the respective parties. The paucity of information makes it virtually impossible to apply the law to his request. Without any supportive information, one is left to speculate as to whether the Plaintiff has established the four elements set forth above. As a result, if the Plaintiff is bringing an action for mandamus pursuant to Wis. Stat. § 19.37, it must be dismissed for his failure to state a claim.

### III. Any Discovery Request Made By the Plaintiff Is Premature Pursuant To This Court's Screening Order.

If the Court determines the Plaintiff's request for mandamus is essentially a request for discovery, it should be dismissed due the fact that it is premature and moot. This Court's Screening Order (ECF No. 15) made it clear that discovery in this matter was not to commence until after the Court has issued a scheduling order. Not only has a scheduling order not been issued, but the Plaintiff filed his request before the Defendants filed their responsive pleading. Once the Court has issued a scheduling order, discovery will commence and the Plaintiff will have the opportunity

to request documents from the Defendants and those that are appropriate will be provided.[1]  Thus, the Defendant's respectfully move that the Plaintiff's request for mandamus be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Plaintiff's Request for Mandamus be dismissed.

Dated at Milwaukee, Wisconsin this 14th day of September 2018.

MARGARET C. DAUN
Milwaukee County Corporation Counsel

By:  s/ Scott F. Brown
SCOTT F. BROWN
Wisconsin Bar No. 1089753
Assistant Corporation Counsel
Attorney for Defendant, Michael Hannah and
Crystalina Montano

P.O. Address:
Milwaukee County Office of Corporation Counsel
901 North 9th Street, Room 303
Milwaukee, WI 53233
Telephone:    (414) 278-4308
Facsimile:    (414) 223-1249
Email: scott.brown@milwaukeecountywi.gov

---

[1] As stated, *supra*, due to forwarding address issues, the documents sought by the Plaintiff in his April 15, 2018 request were mailed to him on September 13, 2018.  (Brown Decl. ¶¶ 8-10).