UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES CORTEZ MCCOY,

                Plaintiff,

v.                                                 Case No. 17-cv-1450-pp

MICHAEL HANNAH and
CRYSTALINA MONTANO,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUEST FOR MANDAMUS (DKT. NO. 19)**

---

The plaintiff filed a complaint alleging that the defendants violated his constitutional right to due process when he was confined at the Milwaukee County Jail. Dkt. No. 1. The has plaintiff filed a document titled "Action for Mandamus." Dkt. No. 19. He states that he "tried to get copies of conduct reports that led me into segregation in the Milw. Co. Jail I've not received them yet. So I asking the court for an action for mandamus [sic]." Id.

The defendants filed a response, correctly stating that an action for mandamus (or a writ of mandamus) is not how the plaintiff should get information from the defendants. Dkt. No. 20.

The court advises the plaintiff that the way to obtain information from the defendants is to serve them with discovery requests. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the different ways a party can seek discovery. For example, the plaintiff can ask the defendants to answer certain questions (called "interrogatories"). The plaintiff can ask the defendants

to provide him with certain documents ("requests for production of documents"). The plaintiff should send his discovery requests to the appropriate defendant's attorney.

The court becomes involved in the discovery process only if the opposing party fails to respond to interrogatories or requests for production of documents. If that happens, the party who asked for the discovery may file a motion with the court, asking it to compel the other side to respond, but a party can file a motion to compel only after conferring or trying to confer with the party failing to make disclosure or discovery. A person cannot file a motion to compel unless that person first tries to work things out with the other side, and any motion to compel should describe these efforts. See Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

The defendants have filed an answer to the complaint. At the same time it issues this order, the court will issue a scheduling order setting deadlines for the completion of discovery and for filing dispositive motions.

The court **DENIES** the plaintiff's request for mandamus. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER
United States District Judge**